UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 23-157-DLB-CJS

MELISSA A. HORNSBY                                                                                    PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

KEITH P. BROGAN
ALICIA BROGAN                                                                                         DEFENDANTS

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on two motions: (1) Plaintiff Melissa A. Hornsby's Motion to Remand and Stay Proceedings (the "Motion to Remand") (Doc. # 10) and (2) Defendants Keith P. Brogan and Alicia Brogan's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (the "Motion to Dismiss") (Doc. # 11).  The Motions have been fully briefed and are ripe for review.  For the following reasons, Plaintiff's Motion to Remand is **granted in part** and **denied in part** and Defendants' Motion to Dismiss is **denied as moot**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This matter stems from Plaintiff Melissa A. Hornsby and Defendant Keith P. Brogan's 2019 divorce.  (Doc. # 1-1 at 3).  Plaintiff is an individual and resident of the Commonwealth of Kentucky.  (*Id.* at 2).  Defendants are both individuals and residents of the State of Ohio.  (*Id.*).  Keith is currently married to Alicia.  (*Id.* at 4).

As part of their divorce, Plaintiff and Keith were granted shared parenting time regarding their minor child whom the Court will refer to as M.C.  (*Id.* at 3).  Pursuant to a shared parenting arrangement, Keith agreed not to consume alcohol prior to or during his

1

parenting visits with M.C.  (*Id.*).  Despite this agreement, in July 2023 Plaintiff discovered a video recorded by M.C. showing Keith operating a motor vehicle with two open cans of beer in the vehicle's cupholders.  (*Id.*).  M.C. was a passenger in the vehicle when she recorded the video.  (*Id.*).  The video also depicts Keith "belch[ing] loudly, presumably from the beer he had consumed."  (*Id.*).  According to Plaintiff's Verified Complaint, "Keith's alcohol abuse is well known."  (*Id.*).

Because of Keith's violation of the shared parenting arrangement "as well as his prior drug and alcohol abuse, domestic violence, and reckless gun use, and out of concern for [M.C.'s] safety," Plaintiff filed an emergency motion in family court to modify the terms of the shared parenting arrangement and to hold Keith in contempt of court.  (*Id.* at 3-4).  After Plaintiff did so, Alicia created a page on the online fundraising platform GoFundMe entitled "Keith's custody battle."  (*Id.* at 4).  The GoFundMe page was shared publicly via Keith's Facebook account and Keith "shared [the] story at his place of employment and solicited funds from his customers."  (*Id.*).

On October 3, 2023, Keith and Alicia created a post on the GoFundMe page which represented that M.C. "was taken from Keith" and that M.C. did not "show up" for a family photograph event with Keith's family.  (*Id.*).  According to Plaintiff, these statements were false and/or misleading and insinuated that Plaintiff wrongfully "took [M.C.] from her father" and "wrongfully ensured that [M.C.] was absent from the family photograph event."  (*See id.* at 4-7).  The GoFundMe page also included photographs of M.C. and disclosed that M.C. was adopted, "an intimately private detail that should not have been disclosed to the general public."  (*Id.* at 4).  Plaintiff demanded that Defendants "take down the offensive posts on Facebook and GoFundMe[, but] Keith and Alicia refused."  (*Id.* at 7).

2

On October 13, 2023, Plaintiff filed suit in Campbell County Circuit Court asserting state law claims of false light and intrusion upon seclusion against Defendants. (Doc. # 1-1 at 7-9). On November 14, 2023, Defendants filed a Notice of Removal with this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1 ¶ 6).

On November 17, 2023, Plaintiff filed the Motion to Remand. (Doc. # 10). According to Plaintiff, this Court lacks subject matter jurisdiction over the case. (*Id.*). Plaintiff includes an affidavit in which she swears that she is "not seeking damages in this case in excess of $75,000, exclusive of interest and costs, nor will [she] ask the jury . . . to award damages in excess of $75,000, exclusive of interest and costs." (Doc. # 10-2). In terms of relief, Plaintiff requests that the Court remand the case to Campbell County Circuit Court and stay all further proceedings pending the Court's resolution of the Motion to Remand. (Doc. # 10).

On November 18, 2023, Defendants filed the Motion to Dismiss arguing that the Court lacks personal jurisdiction over them. (Doc. # 11). The Motions have been fully briefed (Docs. # 20, 23, 24 and 25), and are ripe for review.

**II.     ANALYSIS**

For the reasons stated below, the Court concludes that remanding this case to Campbell County Circuit Court is appropriate. Accordingly, the Court will **grant** the Motion to Remand as to Plaintiff's requested remand and **deny as moot** the Motion as to Plaintiff's requested stay. The Court will also **deny as moot** Defendant's Motion to Dismiss.

3

### B. Legal Standard

A defendant may, "[e]xcept as otherwise expressly provided by Act of Congress," seek to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "The party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Parties contesting removal on the grounds of subject-matter jurisdiction may file a motion to remand at any time following the notice of removal and prior to final judgment. 28 U.S.C. § 1447(c). "The removal petition is to be strictly construed," *Her Majesty*, 874 F.2d at 339, and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999).

The removing party bears the burden of establishing federal jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). If removal to federal court is based on diversity jurisdiction, the removing party must establish that there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. In this case, complete diversity is not contested. Rather, Plaintiff argues this Court does not have jurisdiction over the matter because the amount-in-controversy requirement is not met. (Doc. # 10 at 1).

When a state's civil procedure rules prohibit a complaint from containing a specific request for damages, a removing defendant must show that the amount-in-controversy requirement is met by a preponderance of the evidence. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157-58 (6th Cir. 1993), *abrogated on other grounds by Hertz v. Friend*, 559 U.S. 77 (2010)).

4

Kentucky has such a civil procedure rule and thus Defendants "bears the burden of demonstrating that the district court has original jurisdiction;" they "must set forth . . . specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Adkins v. Kroger Ltd. P'ship I*, Civil Action No. 5:18-cv-156-DCR, 2018 WL 1611592, at * 1 (E.D. Ky. Apr. 3, 2018) (*quoting Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)).

**B.   Analysis**

Before addressing Defendants' proffered evidence of the value of Plaintiff's claims, the Court must address Plaintiff's affidavit. As discussed above, Plaintiff swears that that she is "not seeking damages in this case in excess of $75,000, exclusive of interest and costs, nor will [she] ask the jury . . . to award damages in excess of $75,000, exclusive of interest and costs." (Doc. # 10-2).

A plaintiff "is the master of the claim," so "a claim specifically less than the federal requirement should preclude removal." *Gafford*, 997 F.2d at 157. "[P]laintiffs are entitled to stipulate that they do not seek, nor will they accept, damages in an amount exceeding $75,000[.]" *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013). The stipulation must be an "unequivocal statement . . . limiting damages." *Id.* (quoting *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). This Court has previously articulated that, in a valid stipulation "the plaintiff must declare that [she] will not *seek* damages in excess of the jurisdictional minimum" and "must indicate that [she] will not *accept* an award in excess of the jurisdictional minimum." *Adams v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-00184-DLB-JGW, 2016 WL 6986892, at *3 (E.D. Ky. Jan. 5, 2016) (citations omitted) (emphasis in original).

5

Although Plaintiff's affidavit satisfies the first element, it fails to satisfy the second element. Plaintiff merely states that she will not "seek[ ]" or "ask" for a damages award in excess of $75,000. She does not state that she will not accept such an award. The Court accordingly concludes that the affidavit is not an unequivocal statement limiting damages and does not itself justify granting the Motion to Remand.

That said, the Court concludes that Defendants have failed to proffer competent evidence of the value of Plaintiff's claims, and that the Motion to Remand should be granted. In their Response to the Motion to Remand, Defendants' sole evidence of the value of Plaintiff's claims is jury verdicts from various courts awarding between $80,000 and $7,000,000 in damages on claims of false light, intrusion upon seclusion, invasion of privacy, and defamation.[1] (Doc. # 20 at 8-9). However, Defendants make no effort "to demonstrate how this case fits into the . . . jury verdict data." *Little v. XtremepowerUSA*, No. 7:23-CV-00035-REW-EBA, 2023 WL 5355299, at *4 (E.D. Ky. June 23, 2023). "Thus, [Defendants'] jury verdict data, alone, [does not] prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.*

In addition to citing jury verdict data, Defendants argue that Plaintiff's claims can be aggregated to satisfy the amount in controversy requirement. (Doc. # 20 at 14-16). As Defendants note, claims against individual defendants can only be aggregated for this purpose if the defendants are jointly liable for the plaintiff's claims. (*See id.* at 14 (citing *Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974, 976 (6th Cir. 1945)). According to Defendants, although Plaintiff never expressly alleges that Defendants are jointly liable,

---

[1] Pre-removal discovery is often required for a defendant to show that the amount in controversy requirement is satisfied. *Combs v. Consol Energy, Inc.*, CIVIL ACTION NO. 7:23-CV-00045-REW-EBA, 2023 WL 5345572, at *3 (E.D. Ky. July 27, 2023). There is no indication that Defendants engaged in any such discovery.

6

"she seeks joint liability against the Defendants throughout her [Verified C]omplaint." (Doc. # 20 at 14).  As an example, Defendants note that Plaintiff claims that "*Defendants* intentionally intruded upon Plaintiff's private affairs[.]" (*Id.* at 16) (emphasis added).  But the fact that Plaintiff advances claims against Defendants does not, by itself, mean that Plaintiff alleges that they are jointly liable. *See Total Quality Logistics, LLC v. James*, 630 F. Supp. 3d 902, 907 (S.D. Ohio 2022).  Indeed, Plaintiff's Verified Complaint makes no reference to joint liability.  (*See* Doc. # 1-1 at 2-12).

Moreover, even if the Court were to conclude that Defendants are potentially jointly liable for Plaintiff's claims, this alone would not defeat remand.  As discussed above, Defendants have not proffered competent evidence of the value of Plaintiff's claims.  Thus, even if the claims could be aggregated, the Court has no reason to believe that their aggregate value would exceed the $75,000 jurisdictional threshold.  Because Defendants have failed to show by a preponderance of the evidence that the amount in controversy requirement is satisfied—and considering that all doubts are to be resolved in favor of remand—the Court concludes that Plaintiff's Motion to Remand (Doc. # 10) is **granted** as to Plaintiff's requested remand.  This matter is therefore **remanded** to Campbell County Circuit Court.[2]  Having resolved the Motion to Remand, the Court **denies as moot** Plaintiff's request for a stay.  Because this case is remanded to Campbell County Circuit Court, the Court **denies as moot** Defendants' Motion to Dismiss (Doc. # 11) as the Court no longer has subject matter jurisdiction.

---

[2] The Court previously ordered the parties to address arguments related to the domestic relations exception to subject matter jurisdiction as well as the propriety of abstention under the circumstances.  (Doc. # 14).  Having determined that the case should be remanded for reasons unrelated to these arguments, the Court need not—and will not—address the arguments.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff Melissa A. Hornsby's Motion to Remand and Stay Proceedings (Doc. # 10) is **GRANTED IN PART** and **DENIED IN PART**;

(2) Defendants Keith P. Brogan and Alicia Brogan's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. # 11) is **DENIED AS MOOT**;

(3) This case is **REMANDED** to Campbell County Circuit Court; and

(4) This case is **STRICKEN** from this Court's active docket.

This 5th day of April, 2024.

Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\Cov2023\23-157 MOO re Motion to Remand.docx